[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 186 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 187 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 188 
If the exceptions raise any question to be considered, it is but a single one. The policy covered the plaintiff's stock, c., in the westerly end of a building, some 120 feet in length, known as City Central Hall, in Brooklyn. The plaintiff occupied the store in this building, cornering on Fulton avenue and Elm place. Intermediate the first and second renewals of the policy a steam bakery was introduced into the easterly end of Central Hall. On the trial the plaintiff testified, that upon calling at the defendants' office to have his policy renewed the last time (having received notice from the company that it was about expiring), he informed their secretary verbally of the erection of the bakery. The question eliciting this testimony was objected *Page 189 
to, on the ground that all notices of increased risk were required to be in writing; and after the evidence was in, and the plaintiff had rested, a non-suit was moved for, on the ground "that no written representation as to the increased risk had been made to the company, or consent therefore endorsed on the policy." Again, at the close of the case, the court was requested to charge, that if the jury believed that at the time of the renewal of the policy the risk to the building had been increased by the fact of the steam bakery having been put in, they should find for the defendants, as no evidence had been given that a written statement of that fact had been made to the company." The point, therefore, sought to be raised was that the risk being increased by the use of the neighboring premises, the plaintiff was required, by his contract of insurance, to give notice to the company in writing of the fact at the time of the application for the second renewal of the policy; and having omitted to do so, such renewal was wholly void, and evidence of a verbal communication inadmissible. It was not that the evidence offered was insufficient to justify the submission of the question of waiver of written notice to the jury, but that a written statement by the plaintiff of the changed risk was an indispensable pre-requisite to the renewal taking effect. It is true, that the defendants excepted to the instruction of the judge, that if the plaintiff did fully and fairly communicate the fact of the increased risk (if it were one), and no objection was made to the communication not being in writing, the plaintiff's right to recover would not be defeated by reason of such communication not having been made in writing. This, however, was, in substance, an instruction that the company might waive a strict compliance with the condition, and if the plaintiff verbally gave full information of the increased risk before the renewal, and no objection was made that the information was not in writing, but the company renewed the policy after such notice, they waived a strict compliance, *Page 190 
and could not afterwards insist in bar of the action that the notice should have been written and not verbal. The exception did not reach the point now mooted, that the evidence did not justify the submission of the question of waiver to the jury, and that the secretary of the company had no right to waive any of the formal requirements of the policy.
The only question, then, that can be claimed to have been raised by the exceptions is this; whether (if the risk was increased by the erection of the bakery) the omission of the plaintiff to give written notice to the company of the fact, at or before the last renewal of his policy, absolutely barred his right to recover.
It will not be pretended that any obligation rested on the insured to inform the company, in writing, of the erection of the bakery, unless imposed by the contract of insurance. If it were a condition of the contract that he should do so, and there was no waiver by the company, a failure to strictly comply would render the policy and renewal void and of no effect. Conceding, then, that setting up the bakery in the easterly end of Central Hall increased the risk, a primary inquiry is whether the plaintiff's contract bound him to give written information to the company of the fact, at or before the time such contract was renewed in December, 1856. I am inclined to think that it did not. The first condition annexed to the policy provided that insurance on property, out of the cities of New York and Brooklyn, were to be made upon the written representations of the applicant as to the nature, construction and materials of the building containing the property to be insured; its situation with respect to contiguous buildings, their construction and materials, and whether any manufactory was carried on within or about it; and in relation to the insurance of goods, whether they were of the description denominated hazardous, extra hazardous, or included in the memorandum of special rates. The twelfth condition *Page 191 
provided that insurances once made might be renewed, and that all insurances, original or renewed, should be considered as made under the original representation, in so far as it may not be varied by a new representation, in writing, which in all cases it shall be incumbent on the party insured to make when the risk has been changed, either within itself or by the surrounding or adjacent buildings. It is obvious that this provision relates to a case where the property is insured upon the written representations of the applicant. The provision is that insurance, original or renewed, is to be considered as made under the original representation of the party insured, in so far as it may not be varied by a new representation, in writing; and if the risk has been changed, either within itself or by the surrounding or adjacent buildings, intermediate the issuing of the original policy and the application for renewal, it is made incumbent on the party making the original representation in writing to make a new one in the same form. This is all that was intended to be provided for, and the reason therefore in this particular case is plain. The risk is taken upon the representations of the insured, which amount to a warranty as to the actual nature and situation of the thing insured. When taking or renewing the risk the company rely upon the representations, and not upon any report of their own surveyors, and any misrepresentation or concealment of matters required by the terms of the policy to be fully and truthfully stated, would be a breach of warranty and avoid the insurance. The plaintiff's insurance was on property in Brooklyn, and it is conceded that there was no representation in writing when the policy was issued, and that the risk was taken on the report of the company's surveyor. There was, in his case, no original representation in writing, or no new representation to be made in the same form, in case the risk had been changed either in respect to the kind of property insured, or its situation as to surrounding or adjacent *Page 192 
buildings. I think the first clause of the twelfth condition requiring the party insured, upon a change of risk as specified therein, to make "a new representation in writing," has no application to an insurance on property in the city of Brooklyn, when it is conceded that the insurance is effected not upon any written representations of the insured, but upon a survey by the company itself. In the latter case, the company assumes the risk upon its own survey, without any representation of the assured. The insurance is not to be deemed made in pursuance of his
representations; and if the risk be varied, it is not a fair construction of the clause in question that it requires him to make any representation whatever as to the nature of it. It is achange of the original risk, either in the description of the insured property, or from its situation to contiguous buildings, or the uses those may be put to, on which to base the contract of insurance, that the clause requires to be stated in writing, and as to these matters, in insurances on property in Brooklyn, the company relies on its own survey. It is, of course, important in all cases that the company should be informed, before a policy is renewed, of any increase of risk intermediate the issuing of the policy and the renewal by the use or occupation of the premises insured or of the neighboring premises; and this is stipulated for in the last clause of the twelfth condition. It is provided that if the assured shall fail to give information of an increase of the risk by the erection of buildings, or by the use or occupation of the premises insured or of the neighboring premises, the policy and renewal shall be void and of no effect. This, however, is not a stipulation that the assured shall give written notice. Indeed, in insurances on property in New York and Brooklyn, where the company make their own surveys, a verbal notice that neighboring premises were being used in such a way as would be likely to increase the risk, is all that could be reasonably required. The object is to give the *Page 193 
company information of erections intermediate the issuing of the policy and its renewal, so that they may re-survey the premises before determining upon issuing the certificate of renewal. When the company is its own surveyor, and makes or renews insurances upon surveys made by itself, the object in view is attained as well by a verbal as a written notice. The attention of the company is directed by either form of notice to what may increase the risk, and call for a further survey, before renewing the policy. For any of the purposes of the parties, a written is no better than a verbal notice. Had the plaintiff, in this case, instead of stating verbally that the bakery had been put into the eastern end of Central Hall, stated the same fact in writing, the paper would not have gone on the files of the company; or if it had, it would not have concluded either party. The question whether there had been a failure on the part of the assured to comply with the last clause of the twelfth condition of the policy would still have been an open one.
I think, therefore, there was nothing in the plaintiff's contract of insurance that bound him to give written notice at the time his policy was renewed, that the bakery had been put in the easterly end of the building known as the City Central Hall; that, in his case, the omission to give notice of the fact in written form was no breach of any warranty; and that the stipulation for notice, at or before renewal, of an increased risk occasioned by the use or occupation of neighboring premises was satisfied by an oral communication of the fact to the company.
But if this is an erroneous construction of the provisions of the policy, and the twelfth condition required the plaintiff to give information in writing of the erection of the bakery, there is no doubt the company might waive a strict compliance. This is not questioned by the defendants' counsel. They could waive any condition of the contract in their favor. One of the conditions of this contract *Page 194 
was, that no insurance, whether original or continued, should be considered as binding until the actual payment of the premium; but there is no doubt that giving credit for the premium by the delivery of the policy without payment would be a waiver of the condition. It is said that the evidence was not of the character required to constitute a waiver, but no such point was distinctly raised at the trial. The ground taken — and the only one — was, that under no circumstances could the plaintiff recover if the jury believed that at the time of the last renewal of the policy the risk to the building had been increased by the fact of the steam bakery having been put in, he having omitted to make a written statement of that fact to the company.
I think the judgment should be affirmed.