JOHN WHITWELL, as Receiver, &c., v. THE PUTNAM FIRE
INSURANCE COMPANY, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1872.)

Evidence is admissible, in an action on a fire insurance policy, to show
waiver, by the insurer's agent, of a condition that any other insurance
shall be by a consent of the company written on the policy.

It seems, an insurance upon merchandise or liquors, &c., held by the insured
for sale, covers the actual property insured, and that also of the same
description which is substituted for it after sales.

And that insurance of the liquors so substituted is within the condition of a
previous policy, which requires the insurer's consent to other insurance.

Whether, in case of increase of the quantity of the liquors, a new insurance
would be double insurance, the value of the property exceeding both
insurances, quere.

Failure to obtain consent for other insurance upon a part of the insured pro-
perty avoids the insurance as to all covered by the policy.

THIS was a motion for a new trial, on exceptions ordered
tô be heard in the first instance at the General Term.

The plaintiff brought his action, as receiver, upon a policy
of insurance issued to one Andrew J. Easterly, by which the
defendant insured Easterly $2,500 for one year, " on a stock
of liquors and spirits contained in the frame building now
occupied by him as a rectifying establishment, in the village
of Dresden, Yates county, $2,000; on his fixtures and mate-
rials used in rectifying, $500."

The material facts are stated in the opinion.

*Hunt & Green,* for the appellant.

*W. F. Cogswell,* for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J.   On the 22d day of June, 1869, A. J. East-
erly procured a policy to be issued to him by the defendant,
insuring him against loss by fire for one year upon his stock
of liquors and spirits contained in a frame building then occu-
pied by him as a rectifying establishment, in the village of

Whitwell *v.* The Putnam Fire Insurance Co.

Durham, to the amount of $2,000, and on his fixtures and materials used in rectifying, $500.

This policy contained, amongst other conditions, the following, viz. :

" If the assured shall have, or shall hereafter make, any other insurance on the property hereby insured, without the consent of the company written hereon, the policy should be void."

Subsequently, and on the 22d January, 1868, the said Easterly procured from the Security Insurance Company a policy of insurance for the term of one year, insuring him against loss by fire to the amount of $1,000 on his stock of liquors and spirits, stored in a building described in the policy of defendant.

The consent of defendant to the second insurance above mentioned was never written on the policy.

On the trial the plaintiff gave evidence tending to prove a waiver by defendant's agent of the condition aforesaid.

At the close of plaintiff's proof, the defendant's counsel moved to strike out the evidence so given by the plaintiff, and the court granted the motion and nonsuited the plaintiff.

The motion was granted, not because it did not tend to prove a waiver, but because the subsequent insurance was not indorsed on the policy, as required by the conditions of it.

Under these circumstances the plaintiff must be deemed to have offered evidence of a waiver of the condition in question by the defendant's agent, an objection thereto by the defendant's counsel, and that the evidence offered was rejected by the court.

On the 15th of May, 1868, the plaintiff's stock of liquors and spirits was destroyed by fire to the amount of $3,339, and the fixtures in his rectifying establishment to the amount of $575.

It has been repeatedly held by the courts in this State that the insurer may waive conditions inserted in a policy for its benefit. (*Liddle* v. *The Market Ins. Co.*, 29 N. Y., 184; *Ames* v. *N. Y. Union Ins. Co.*, 14 id., 253 ; *Wilson* v. *Gen-*

*esee M. Ins. Co.*, 16 Barb., 511; *Hyatt* v. *Waite*, 37 id., 29; *Benedict* v. *Ocean Ins. Co.*, 31 N. Y., 389; *Boehen* v. *Williamsburgh City Ins. Co.*, 35 id., 131.)

In *Boehen* v. *The Williamsburgh City Ins. Co.* (*supra*) it was held that an agent of an insurance company may waive a condition in the policy that unless the premium is paid the policy shall be void.

It was held in *Owen* v. *The Farmers' Joint Stock Ins. Co.* that an agent might waive the condition in the policy requiring proofs of loss. The same thing was held in *Sheldon* v. *The Atlantic Fire and Marine Ins. Co.* (26 N. Y., 460).

If an agent may waive one condition in a policy, no reason is perceived why he may not waive any or all of them, unless his power is restricted, or he is acting fraudulently, with the knowledge of the assured.

The defendant's counsel refers to numerous cases that, at first view, would seem to be in conflict with the cases above cited, but which, on more careful examination, will be found to be in harmony with them.

In *Carpenter* v. *The Providence Insurance Company* (16 Peters, 495) the policy sued on contained a condition substantially the same as the one before us, in regard to other insurances. Another insurance being proved, the policy was held to be void; but no claim was made or evidence offered to prove a waiver, in any manner, of the condition.

In *Gilbert* v. *The Phœnix Ins. Co.* (36 Barb., 372) the policy contained the same condition, but there was no evidence of a waiver of the condition.

In *Lamatt* v *The Hudson River Ins. Co.* (17 N. Y., 199, note) it was held that where a policy of insurance contained a provision that camphene should not be used on the premises insured, unless permission for such use be indorsed in writing on the policy, evidence to show that at the time of making the policy the plaintiff might use camphene as a light was incompetent, as it directly contradicted the policy. The question of waiver was not in the case.

The case of *Barrett* v. *The Union M. Ins. Co.* (7 Cush., 175) was decided on substantially the same grounds.

In *Wooster* v. *The Hartford Fire Ins. Co.* (11 Cush., 265) the question was whether the condition (which was similar to the one before us) was performed by the plaintiff. The evidence was that he obtained several policies on the same property. On one of those issued by defendant there was indorsed the insurances effected in other companies, but the policy on which the action was brought was not indorsed, for the reason that it was not present. Plaintiff showed the agent a memorandum of the various policies when the indorsement of the other policy was made. The agent told plaintiff that it would make no difference that the policy sued on was not indorsed; that he would enter it on his books. He took the policy as if to enter it, and returned it, giving him to understand that he had entered it; but he had not. The court held that this was not a performance of the condition, and the plaintiff could not recover.

Whether there was a waiver of the condition, or whether defendant was estopped from insisting on the non-performance of the condition, was not suggested. Had it been, it is quite possible that the court would have held that there was neither a waiver nor estoppel. But such a ruling would have been in direct conflict with the cases in this State.

The same learned court, in *Hall* v. *The Mechanics' M. Fire Ins. Co.* (6 Gray, 169), held that a policy was void because a subsequent insurance was procured without the consent in writing of the president of the company.

The by-laws of the company required such consent; and they further provided that the by-laws should not be altered unless upon previous notice, and by the votes of two-thirds of all the members present at the meeting. The verbal consent of the president was of no avail, as to allow it would annul the by-law which gave that power to the members of the corporation.

The same court held, in *Kimball* v. *The Howard Fire Ins. Co.* (8 Gray, 29), that where the policy requires the consent

of the insurer to be in writing, evidence of consent in any other form is incompetent.

Again, in *Pendon* v. *The American M. Ins. Co.* (12 Cush., 469), the same court held that where the condition of the policy requires the consent to be in writing, it is not satisfied by proving verbal notice to an agent, although a memorandum thereof be then made by such agent in a private book of his own, containing entries in relation to insurance.

In *Blake* v. *The Exchange M. Ins. Co.* (12 Gray, 265) the same court concede that the condition as to proofs of loss may be waived, and under some circumstances the insurer may be estopped from insisting upon the non-compliance with certain conditions in the policy. But it does not appear that the court intended to depart in the slightest degree from the rule applied in the preceding cases, as to the necessity of strict compliance with the condition where the consent of the company is required by the policy to be in writing.

The Massachusetts cases are directly in point, and support the ruling of the court at the Circuit ; but being, as it seems to me they are, in direct hostility to numerous cases in our own courts, we cannot follow them, and must hold that evidence of waiver of performance of such a condition by the insurer or his general agent is competent, and, being rejected in this case, the nonsuit must be set aside and a new trial granted, with costs to abide the event.

In the event of a second trial of this cause, the question will necessarily arise whether there was in reality a second insurance, within the true intent and meaning of the policy. The language of the condition is, " if the insured shall have or shall hereafter make any other insurance on the property hereby insured without the consent," &c.

The property insured by the defendant's policy was in name the same as that insured by the Security Insurance Company, except the fixtures, which were not in the policy of the last named company.

The words " property hereby nsured " are susceptible of two constructions : one of which is, the same identical article of

property; the other, articles of the same description of property.

The defendant's policy was issued in June, 1867, the Security Company's policy in January, 1868. Between those dates the insured had been selling liquors and spirits from day to day, and buying others, so that the same identical liquors and spirits were not in the house of the insured in January that were there the preceding June. It would have been impossible to effect an insurance on the same property that was covered by defendant's policy on the day it was issued. To give effect, then, to the words of the defendant prohibiting a second insurance on the property thereby insured, we must construe the words as meaning property of the same description deposited in the storehouse of Easterly. Thus construed, it would be competent for the insured to purchase and sell property and protect it by insurance, and give effect to the conditions of the defendant's policy, without annulling the condition against second or other insurance without notice indorsed on the policy.

It is said that a second insurance is not double insurance, or insurance on the same interest covered by the first policy, the value of the property exceeding the amount insured by both policies.

The object of the condition is not to protect the insurer against a second insurance on the same interest, but it is to enable him to know the amount insured upon the property covered by his policy. He has an interest in the inquiry whether the property is of greater or less value than the amount insured; and this he cannot know unless it is made the duty of the insured to inform him. If he cannot compel this disclosure, the grossest injustice may be perpetrated with impunity.

The change from day to day of the liquors and spirits in the storehouse did not impair the policies; they at once applied to whatever property of the same description that was brought into the storehouse. The second insurance was,

therefore, upon the same property covered by defendant's, and was within the condition which required notice.

If the question was whether a double insurance was effected by the second policy, I am not prepared to say that it was.

If Easterly, on the day of the date of defendant's policy, had liquors, &c., of the value of $3,000, and on the 22d January, when the second policy issued, had $10,000 in value of the description of property, the second insurance would not be, I apprehend, on the same interest as the first, yet it was upon the same property.

I am of the opinion that the insured was bound to give notice of the second insurance.

I do not think that the plaintiff was entitled to recover for the value of the fixtures covered by the defendant's policy. By its terms it became void if notice was not given of the subsequent insurance; not void in part only, but void altogether; and, being void, no action could be maintained upon it at law. Whether equity would afford the party relief is not now before us for decision.

A new trial is granted, costs to abide the event.