Parker v. Arctic Fire Insurance Co.

---

PARKER v. ARCTIC FIRE INSURANCE COMPANY, appellant.

*Insurance — waiver by parol of the conditions of policy.*

By a provision of an insurance policy any alteration made in the insured premises increasing the risk should avoid the policy, unless by the consent of the company indorsed upon the policy in writing, and a like provision was made with reference to renewals under the policy.  By another provision of the policy nothing less than a specific agreement, indorsed on the policy, was to be a waiver of its conditions.  *Held,* that it was competent for the secretary of the company, after receiving notice of a change of risk in the insured premises, to waive writing such change upon the policy and to issue a valid renewal of the policy.

A party cannot contract away his right to make a new contract.

APPEAL from a judgment in favor of the plaintiff in an action tried before Mr. Justice BARNARD without a jury.

The action was brought to recover the amount of a policy of insurance issued by the defendant to the plaintiff June 2, 1869, upon plaintiff's mill in the city of Poughkeepsie.

A survey referred to in the policy contained a representation by the insured that the motive power of the mill was water. The policy provided that such survey should be deemed a warranty, and that any misrepresentation therein contained should render the policy void, and further provided that if the risk should be increased by any means whatever within the control of the assured without the consent of the company *indorsed upon the policy in writing*, the policy should be void, and also that any change in the risk not made known to the company upon making a renewal of the insurance *and indorsed upon the policy in writing* should render both policy and renewal void.

By another clause in the policy the use of general terms or any thing less than a specific agreement, clearly expressed and indorsed on the policy, was not to be construed as a waiver of any printed or written conditions or restrictions therein.

In the fall of 1869, plaintiffs introduced apparatus for using steam as a motive power. On the 3d of June, 1870, the defendant issued to plaintiff a renewal of the policy. There was no indorsement or memorandum in writing relating to the introduction of steam as a motive power ever made in any form. The mill was destroyed by fire October 18, 1870.

Evidence was given in behalf of plaintiff tending to show that previous to the renewal verbal notice of the introduction of steam apparatus was given to the secretary of the company by the agent in Poughkeepsie, who effected the insurance. After such notice had been given the company sent the renewal receipt and the plaintiffs paid the premium thereupon, which was received by the company. The secretary denied having received such notice.

*E. B. Hinsdale,* for appellant, cited upon the question of waiver of condition in policy, *Hale* v. *Mechanics' Mutual Fire Ins. Co.,* 6 Gray, 169; *Kimball* v. *Howard Fire Ins. Co.,* 8 id. 33; *Pendar* v. *American Mutual Ins. Co.,* 12 Cush. 469.

*Thompson & Weeks,* for respondent.

PRATT, J.  That it was competent for the defendant's secretary, after receiving notice of a change of risk, to waive writing such change upon the policy, and to issue a valid renewal of the policy, seems too well settled by authority to be doubted.  *N. Y. Cent. Ins. Co.* v. *National Prot. Ins. Co.*, 14 N. Y. 92; *Ames* v. *N. Y. Union Ins. Co.*, id. 253; *Wilson* v. *Genesee Mut. Ins. Co.*, id. 418; *Liddle* v. *Market Ins. Co.*, 4 Bosw. 184; *Whitwell* v. *Putnam Fire Ins. Co.*, 6 Lans. 166, and cases there cited.

The essential fact to be ascertained is, whether the company, with knowledge of the alteration, consented to continue the insurance. It would be equally a fraud upon the rights of the plaintiff, whether they re-insured merely upon a new insurance, or continued the old; for, if they had declined to continue, the plaintiff was entitled to a return of unearned premium.

Neither can I see much force in the argument that the parties have agreed that only written evidence shall be admissible to prove a waiver.

It is difficult to see why this contract may not be modified or waived by a subsequent contract to that effect, as well as any other stipulation in the policy.  The power that made these conditions can unmake, vary or waive them; and the fact that they have done so is susceptible of proof in the ordinary way.

The essential fact to be ascertained is, whether the defendants waived writing the change upon the policy.  That being ascertained, it follows that there was a binding contract of insurance.

How that shall be proved is a matter to be determined by the rules of evidence.  To hold any other doctrine would determine that parties may make rules of evidence.  If such rules could be made by writing, why not without writing; and if without writing, then upon every trial in court the issue will be not what are the questions raised by the pleadings, but what have the parties agreed shall be taken or refused as proof.

Taking the findings of fact in this case, the position of the defendants, is this: "True, we received notice of the change of risk, waived writing it upon the policy, took the premium and renewed the insurance; but you have no right to the fact, because we have provided that it shall be proved only by a writing indorsed upon the policy."

What is the charm in the condition that the waiver shall be in writing, more than that the change of risk shall be in writing?  It

is apparent from the case that the former was waived, as matter of fact, as effectually as the latter.

It is evident, from the nature of things, that a party cannot contract away his power to make a new contract; for the same inherent power that made such a contract can waive or make a new one.

What is competent evidence to prove such waiver or new contract is a question of law to be determined by the court upon the trial.

I see no reason to reverse any of the findings of fact, as there seems to be evidence to sustain them.

The judgment must be affirmed, with costs.

*Judgment affirmed.*