JAMES ARKELL, BENJAMIN SMITH AND ADAM SMITH, RESPONDENTS, v. THE COMMERCE INSURANCE COM-PANY, APPELLANT.

*Policy of insurance — gasoline — waiver of conditions by agent, as to use of — waiver by parol, though policy provides for indorsement thereof — " Contiguous " — definition of.*

A policy of insurance contained a condition that " Lights: The generating or evaporating within the building or contiguous thereto of any substance for a burning gas, or the use of gasoline for lighting is prohibited, unless by special agreement indorsed on this policy," and the insured being desirous of putting up works for making gasoline and lighting their building therewith, applied to the agents of the insurance company for permission so to do, and said agents consented that the insured might put in such works, provided the tank was placed fifty feet from the building, and were present and saw the tanks put in: *Held*, that that distance had been established by the company through their agents, at which the tanks might be put in and not be deemed " contiguous." That they thus gave a definite meaning to the indefinite word " contiguous."●

*Held*, also, that general agents of an insurance company, such as these were, could waive by parol a condition inserted in a policy for the benefit of the company, even although the policy provides that such condition can be waived only in writing.

*Held*, also, that as it was apparent that the tank and apparatus were put up for the purpose of generating gas out of gasoline, and were connected with the building; it would be unreasonable to say that the defendant consented to the construction of the tank and of the necessary apparatus for lighting the building with gasoline, but did not consent to their use.

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

This is an action to recover on a policy of insurance. The defense is, that there was a breach of certain conditions of the

policy. The reply of the plaintiffs is, that whatever they did was by the express consent of the defendant's agent.

There are several clauses under which the defense is alleged to arise.

Brown Stafford & Son were the agents of the defendants who issued the policy. In the spring of 1873 the plaintiffs applied to Brown Stafford & Son, the agents of the defendants, in regard to putting up works for making gas from gasoline, for lighting their building; and said agents consented that plaintiffs might put in such works, provided the tank was placed fifty feet from the building.

The referee finds that Brown Stafford & Son fixed and determined that distance, as that, at which the tank might be placed, without being deemed " contiguous."

That the plaintiffs had no knowledge of the specific authority of these agents, but knew that they were taking risks, issuing policies and doing business as insurance agents for the defendants.

That on the 12th of September, 1873, these agents surrendered their appointment as such and closed up their business.

That the plaintiffs were ignorant of this discontinuance of the agency until after the fire, and that Brown Stafford & Son continued to treat with the plaintiff as such agents down to and including the putting in of the gasoline works; and that Brown Stafford was present when the gasoline tank and apparatus was put in, and approved of the same.

In November, 1873, the plaintiffs put into the building pipes and apparatus for the purpose of lighting it with gas manufactured from gasoline. They put a tank on the lands upon which the building stood, and pipes conducting from the tank to the building.

*Daniel S. Monell*, for the respondents.

*George W. Miller*, for the appellants.

LEARNED, P. J.:

Under the decisions in *Whitwell* v. *Putnam Fire Ins. Co.* (6 Lans., 166); *Pechner* v. *Phœnix Fire Ins. Comp.* (id., 411); *Van*

*Allen* v. *Farmers' Joint Stock Ins. Co.* (4 Hun, 413); *Parker* v. *Arctic Ins. Co.* (1 N. Y. S. C., 397, affirmed in Court of Appeals; see case last previously cited), it must be considered as settled that a general agent of an insurance company, (such as Brown Stafford & Son were), can waive by parol a condition inserted in a policy for the benefit of the company; even although the policy provides that such condition can be waived only in writing.

The clause of the policy which is most directly in point is the following: "Lights. The generating or evaporating within the building, or contiguous thereto, of any substance for a burning gas, or the use of gasoline for lighting, is prohibited unless by special agreement indorsed on this policy."

Now we have the consent of the company, through their agent, to the generating of a substance for a burning gas. They fix the distance and thus give a definite meaning to the indefinite word "contiguous." Their agents are actually present when the tank is put in, and approve of it.

But it is urged by the defendants, that even if the agents did consent to the generating of a substance for a burning gas, yet he did not consent to the "use of gasoline for lighting." It was, however, apparent that the tank and apparatus were put up for the purpose of generating gas out of gasoline. They were connected with the building; and it would be most unreasonable to say that the defendants consented to the construction of the tank and the necessary apparatus for lighting the building with gasoline, but did not consent to their use.

The objection that the agent did not waive the provision, requiring any waiver to be indorsed on the policy, seems to be overruled in the case of *Parker* v. *Arctic Fire Insurance Company*, cited above. It is true that in that case the waiver was by the secretary, while here it was by the general agent of the company at Canajoharie. But the doctrine of *Pechner* v. *Phœnix Insurance Company*, above cited, and of *Standard Oil Company* v. *Triumph Insurance Company* (10 S. C. N. Y. [3 Hun], 591), seems to establish the power of such general agent to waive this condition.

The plaintiffs appear to have acted in good faith. They told the agent that they would not put in the gas works unless they had

the perinission of the companies. He gave them such permission provided the tanks were fifty feet from the building, and they complied with that requirement. He was present and saw them putting it in. It would certainly be unjust that the agent of the defendants should lead the plaintiffs into doing an act, under the assurance that it would not affect their policy ; and then that the defendants should defeat a recovery, by reason of that act.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.