CORNELIA VAN ALLEN, RESPONDENT, *v.* FARMERS' JOINT-STOCK INSURANCE COMPANY, APPELLANT.

*Agent of insurance company — powers of — when company bound by acts of — waiver of condition of policy.*

An agent of an insurance company was authorized by his certificate of appointment to make surveys and receive applications for insurance and premiums upon the same, according to the regulations and by-laws of the company. It appeared that, in addition to the acts authorized by the certificate of appointment, he also received and forwarded notices of loss to the company, which were acted upon by it; that he generally informed persons taking out policies to notify him in case of loss; that several persons did so, and the company, upon being notified by him, sent on their general agent and adjuster, who settled the claims without any proofs of loss. *Held*, that the company held the agent out, as authorized by it, to receive notices of loss, and that he therefore had apparent authority to extend the time for serving them or to waive them altogether.

Defendant's agent, having been notified by the plaintiff of a loss sustained by her, informed the company thereof, and received from it a letter stating that its general agent would be on in a few days and attend to the matter. Subsequently, and before the expiration of twenty days from the loss, plaintiff made due proofs of loss and presented them to the agent, who told her that he had notified the company; that its general agent would be on to settle the loss in a few days, and that she might go home and rest easy until he came. After the twenty days had expired the general agent came, and gave plaintiff to under-

stand that if he should find the fire was not fraudulent there was no obstacle in the way of adjusting her loss; thereafter the plaintiff sent due proofs of loss, which were returned by the company on the ground that they were not furnished in time.

The policy contained a condition requiring proof of loss to be furnished within twenty days after the loss, and provided that no condition or restriction of the policy should be waived except by an express agreement in writing signed by an officer of the company.

In an action to recover upon the policy, the company set up a failure to furnish proofs of loss as a defense. *Held,* that the acts of the agent constituted a waiver of the conditions of the policy, and that the company could not avail itself of a breach thereof as a defense to the action.

MOTION by defendant for a new trial on exceptions ordered to be heard at the General Term, in the first instance.

The action was brought upon a policy of insurance against loss by fire. Certain conditions were annexed to the policy and made a part of the contract, one of which was in the following words : " All persons insured by this company and sustaining loss or damage by fire, shall forthwith give the company notice thereof in writing, and within twenty days after the loss, shall deliver a particular account of such loss, signed and sworn to by them," etc. The policy contained this provision : " The use of general terms, or any thing less than a distinct, specific agreement, clearly expressed in writing, and signed by an officer of the company, shall not be construed as a waiver of any written or printed condition or restriction of this policy."

A part of the insured property was destroyed by fire on the 2d February, 1872. The next day the plaintiff notified the local agent of the defendant, through whom the insurance was effected, of such loss, and the agent gave notice to the defendant by letter. The defendant's secretary wrote the agent that their adjuster was away, but would attend to the matter as soon as he returned and that he would notify the agent. Subsequently, the plaintiff prepared a particular account of her loss, and not having heard from the agent, she called on him and stated that the policy required her to furnish a statement of loss within twenty days, and that she had her papers made out. The twenty days had not then elapsed. The agent replied that he had notified the company and they had written him that Peak, their general agent and adjuster, would be on and settle the loss, and told her to go home and rest easy till Peak came.

Shortly after the expiration of the twenty days, Peak visited the place, saw the plaintiff, and told her the company paid very promptly, but there had been so much said about the fire he would investigate the matter, and let her know. Plaintiff waited, but Peak did not again see her or commuicate with her. On the twenty-fifth of April she mailed an account of loss to the defendant. It was returned immediately, on the ground that it was not furnished within the time prescribed by the policy. The plaintiff then commenced this action. At the trial, the judge ordered a verdict for the plaintiff, holding that the conditions respecting notice and proofs of loss were waived.

*D. Pratt*, for the defendant.

*M. Hopkins*, for the plaintiff.

SMITH, J.:

The policy required written notice of the loss to be given forthwith, but it is evident from the testimony of Willetts, the agent of the company, and of Lawrence, the secretary, that the verbal notice of loss given by the plaintiff to Willetts the day after the fire, and by him communicated to the home office, was treated by the company as a sufficient compliance with that requirement of the policy.

A graver, and really the only, question in the case is, whether the defendant waived the condition requiring proofs of loss to be furnished within twenty days. But I am inclined to think that question also was properly disposed of at the Circuit.

It has been held, repeatedly, in this State that a condition may be waived by parol, notwithstanding a provision in the policy that nothing but a written agreement signed by an officer of the company shall have that effect. The provision requiring a waiver to be in writing may itself be waived. (*Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y., 253; *Goit* v. *National Protection Ins. Co.*, 25 Barb., 189; *Carroll* v. *Charter Oak Ins. Co.*, 38 id., 402; *Pitney* v. *Glen's Falls Ins. Co.*, 61 id., 335; *Whitwell* v. *Putnam Ins. Co.*, 6 Lans., 166; *Parker* v. *Arctic Fire Ins. Co.*, 1 N. Y. S. C. [T. & C.], 397; *Van Allen* v. *Farmers' Joint-Stock Ins. Co.*, 6 id., 593.)

It is also well settled that, while a party bound to perform has

still time and opportunity for so doing, if something be said or done by the other party, by which the former is induced to believe that the condition is waived, or that strict compliance will not be insisted on, the latter is estopped from claiming non-performance of the condition. (*Bumstead* v. *The Dividend Mutual Ins. Co.*, 12 N. Y., 81, and cases there cited by ALLEN, J., page 97; *Ames* v. *The N. Y. Union Ins. Co.*, 14 N. Y., 253, 263; *O'Niel* v. *Buffalo Mutual Ins. Co.*, 3 Comst., 122; *Post* v. *Ætna Ins. Co.*, 43 Barb., 351.)

It appeared at the trial that proofs of loss were not furnished until some ten weeks after the fire. But the plaintiff testified, in substance, that her omission to serve them within the time limited by the policy was in consequence of a statement made to her by Willetts, the local agent of the defendant, that she need not do any thing beyond giving notice of the loss till the adjuster of the company had called on her. Her testimony on that point is corroborated, in the main, by Willetts. He does not deny that he made the statement which she testified to. The only part of his testimony that can be regarded as not entirely in accordance with hers, is his impression that he told her "she must go by the policy." It is insisted by the defendant's counsel that this conflicts with the plaintiff's testimony, and that the question should have been submitted to the jury. The point is not now available to the defendant, in view of the manner in which the case was disposed of at the Circuit. At the close of the testimony the defendant's counsel moved for a nonsuit, and the motion having been denied, he did not ask to have any question of fact submitted to the jury, but contented himself with excepting to the direction of a verdict for the plaintiff. The case was treated on all hands as one in which there was no conflict of testimony, and which presented questions of law only. The defendant is to be regarded, therefore, as having waived the point that the testimony was conflicting in the particular referred to, or as having consented that the question of fact, if one existed, should be decided by the court instead of the jury. (*Barnes* v. *Perine*, 12 N. Y., 18; *Winchell* v. *Hicks*, 18 id., 558; *O'Neill* v. *James*, 43 id., 84; *Stone* v. *Flower*, 47 id., 566; *Collins* v. *Burns*, 63 id., 1.)

Passing that point, it is apparent that, if Willetts had authority

to waive the furnishing of proofs within the time specified by the policy, his statement to the plaintiff, testified to by her, was enough to constitute such waiver. The question is not merely what his real authority was, as between him and the company, but how was he held out by the company; had the plaintiff reason to infer from the acts of the company that he possessed authority to waive compliance with the provision in question? His actual authority, as expressed in his certificate of appointment, was merely to make surveys and receive applications for insurance, and premiums on the same, according to the regulations and by-laws of the company. What the regulations and by-laws on the subject were does not appear. But the evidence is, that he not only received applications for insurance and collected premiums, but he also, in excess of the power conferred by his certificate of appointment, received notices of loss, and sent them to the secretary, and the company acted upon them as valid notices. That was done in this case. Generally, when he procured policies he told the applicants to notify him in case of loss, and in several instances the parties did so, and the company, on being informed by him of such notice, sent on their general agent and adjusted the claim without any proofs of loss being furnished. And in all the dealing between the plaintiff and the company, the latter was represented by Willetts, except that the policy was mailed to the plaintiff directly from the home office, indorsed with the name of Willetts as agent.

It is very clear, therefore, that the company held Willetts out as authorized by them to receive notices of loss, upon policies issued on applications made to him. The requirement respecting proofs of loss, and notice of loss, is in one and the same clause of the policy. It does not specify to whom, or at what place, proofs shall be furnished. Merely, that they shall be furnished within twenty days. Within that time, the plaintiff went to Willetts for the purpose of complying with that condition, ready and offering to do so. He told her she need do nothing then; to rest easy till Peak came, and he would adjust the loss. He told her, also, that the secretary of the company had written in answer to the notice of loss, that Peak would come and attend to the matter as soon as he returned home, and would notify Willetts of his coming; and in fact the secretary had so written.

If the opinion already expressed is correct, that Willetts had apparent authority to receive proofs of loss, it follows that he had apparent authority, also, to extend the time for serving them, or to waive them altogether. And the conclusion is fully warranted that the company held him out as competent to give the direction which he did give to the plaintiff, and she having relied and acted upon it, the company is estopped from disputing the agent's authority.

It is said, however, that this very question was decided otherwise by the Court of Appeals, on the review of a former trial of this case, in which that court reversed a verdict in favor of the plaintiff. It appears from the manuscript opinion of the court with which we are favored, that the reversal was upon the ground that the judge erred in charging the jury that Willetts had a right to waive the provision in the policy requiring the plaintiff to furnish the proofs of loss. In so charging, the judge took the question of waiver from the jury. But upon the trial now under review, the counsel for the respective parties, as we have seen, treated the case as involving questions of law only, or consented that the questions of fact, if any, should be decided by the court instead of the jury, and as the evidence warranted the conclusion of the judge, the error pointed out by the Court of Appeals is eliminated from the case.

There is another view of the case, in which the defendant must be deemed to have waived the condition respecting proofs of loss, or to have consented to the delay. Peak, the general agent and adjuster, undoubtedly had authority to waive a compliance with the condition, since it distinctly appears that he had power to settle and pay losses, at his discretion, with or without proofs of loss. He called on the plaintiff after the expiration of the twenty days, talked with her about the fire, told her he had learned some circumstances indicating fraud, and he would investigate the matter and would take further time for that purpose. The plaintiff testified that he said he would come again at the end of thirty days, and let her know. That he denies, but it is not very material. Whether he used those words or not, she had the right to infer from what he did say, that she needed to do nothing further till she learned the result of his investigation. He did not call on her again, and she, after waiting till she was convinced that he did not intend to come,

sent her proofs of loss to the office of the company. Why were not the words and acts of Peak a waiver? The defendant's counsel say they were not, for two reasons, first, because the time to furnish proofs of loss had expired before Peak saw the plaintiff; and secondly, because Peak did not know at the time that they had not been furnished. The answer to the first position is that the letter of the secretary, in view of the circumstances, is to be regarded as an extension of the time to furnish proofs of loss, till Peak should call on the plaintiff. The circumstances referred to are those above detailed attending the writing of the letter, and the communicating of its contents to the plaintiff; the practice pursued by the company of dispensing with proofs of loss in other instances, and the fact that Peak had general authority to pay or reject claims, with or without proofs of loss being furnished. As to the second position, it is not material whether Peak knew or did not know that proofs had not been served at the time of his interview with the plaintiff. The company knew that none had been received at the home office, and the knowledge of the principal was enough. It was the fault of the principal if the knowledge which the home office had on the subject was not communicated to the agent. But let us look at the extent of Peak's knowledge on the subject. He testified that his practice was, when informed of a loss, to inquire for the proofs of loss at the home office, unless they were handed to him by the secretary. He did not say that the usual practice was departed from in this instance. The inference is well warranted that when he left the office of the company to adjust the plaintiff's loss, he knew that the proofs of loss had not then been received. And when he testified that, at the time of his interview with the plaintiff, he did not know whether proofs of loss had been served or not, his statement amounted to nothing more than saying that he did not know whether proofs of loss had been served at the office of the company subsequently to the time when he left it. It is apparent that, in his interview with the plaintiff, he did not think it material to know whether she had served proofs of loss since he was at the office. If he had thought it of any importance, he could have learned how the fact was by inquiring of the plaintiff or of Willetts, but he did not inquire.

The time to serve proofs of loss having been extended by the

secretary of the company till the arrival of Peak, and Peak having given the plaintiff to understand that there was no obstacle in the way of adjusting her claim, if he should find on investigation that the fire was not fraudulent, the waiver was complete, and the defendant is estopped from setting up the delay in the service of the proofs of loss to defeat the claim.

In the recent case of *The Home Insurance Company of New York* v. *The Baltimore Warehouse Company* (16 Am. Law. Reg., 162, 168) the Supreme Court of the United States held that when it was testified, on the trial, that the agent of the insurance company, who was authorized to settle losses without interference from the parent office, after the time for presenting preliminary proofs had gone by, acted and spoke as if they had been presented in season, and while resisting the claim, placed his objections on other grounds, and never alluded to any failure to present preliminary proofs until those objections had been swept away ; and after paying for a loss of twenty-four bales of cotton, and receiving notice that the policy would be retained to assert other claims under it, expressly waived another condition for the purpose of giving the insured a continuing right to bring a suit, the jury may well infer that the condition of giving notice of loss and making preliminary proof was waived. It seems, from the note of the case, that the conduct and language of the agent respecting the proofs of loss were treated as a clear act of waiver, proper to be considered by the jury, and, of course, sufficient of themselves, if the jury should so regard them, to warrant a finding of waiver, and that, too, although the time for presenting the proofs had elapsed. The present case is stronger for the plaintiff, as the extended time for serving proofs had not expired when the acts of waiver occurred.

The motion for a new trial should be denied, and judgment ordered for the plaintiff on the verdict.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.