Goit *v.* National Protection Insurance Company.

———◆-◇-◆———

25b 189
8ap108

GOIT *vs.* THE NATIONAL PROTECTION INSURANCE COMPANY.

Where a policy of insurance contains a condition that the insurance shall not be binding until the actual payment of the premium, the insurers, if they elect to do so, may waive the condition; it being one inserted for their benefit, and in which they alone are interested.

Such waiver may be established by evidence of an express agreement to that effect, or by circumstances from which a waiver may be inferred; and it may be made by the managers of the company, or by a duly authorized agent.

A general agent of the company, empowered to make contracts of insurance in a given form, may bind his principals by waiving the payment of the premium.

Proof of such a waiver, by parol, is not a violation of the rule prohibiting parol evidence to vary or contradict a written contract; the purpose of the evidence being to show a waiver of a condition precedent to the contract becoming valid as such.

Where, by the terms of a policy of insurance, the payment of the premium is a condition precedent to the attaching of the policy, and the policy acknowledges the receipt of the premium, such receipt should, for the purpose of supporting the contract, be considered a part of it.

And it cannot be contradicted by parol evidence, in order to bring the contract within the scope of a provision making the payment of the premium a condition precedent to the validity of the policy.

The insurers will be estopped, by their receipt, from alleging that the policy was void because the acknowledgment was untrue.

Where a policy contains a condition authorizing the insurers to cancel the same, if they shall deem the risk not desirable, and the insurers accordingly instruct their agent to cancel the policy, but he omits to do so, and agrees with the insured that the same shall continue in force until another insurance is procured, the insurers will still remain liable.

After a loss of the property insured has occurred, a party insured may assign his interest in the policy, and his claim against the insurers, to another, notwithstanding a provision in the policy that in case of an assignment, whether prior or subsequent to loss, without the consent of the insurers, their liability shall cease.

APPEAL from a judgment entered at special term, by the judge without a jury.   The action was on a policy of insurance against fire, issued to the plaintiff and his brother Joseph H. Goit, and assigned by Joseph H. *to the plaintiff, after the loss.*   The premium was not paid until *after the loss;* the agent of the defendants telling the insured that it was immaterial; that he did not care to receive it until he made his returns, and he would call for it.   The premium was paid to, and accepted by, the agent, the day after the fire.   The defendants had requested their agent to cancel the policy as not being a desirable risk, under a provision authorizing this to be done.   The agent had not done it, but had merely said to the insured that he had received such a letter, and that he could get another insurance for them, and that until he did so the policy might continue in force.   Annexed to the policy was a condition that " no insurance should be binding until the actual payment of the premium," and another condition to the effect " that in case of assign-

Goit *v.* National Protection Insurance Company.

ment without the consent of the company first obtained, in writing, whether of the whole policy or of any interest in it, or of any claim against said company by virtue thereof, either prior *or subsequent to loss or damage* of the property or premises insured thereby, the liability of the company in virtue of such policy should thenceforth cease." Judgment was given for the plaintiff, for the amount claimed.

*M. H. Throop*, for the appellants.

*O. Robinson*, for the respondent.

*By the Court*, W. F. ALLEN, J.   The objections to the right of the plaintiff to recover are three-fold.   (1.) That the premium was not actually paid at the time of the loss of the premises by the peril insured against, and therefore the policy had not attached.   (2.) That after the delivery of the policy, and before the loss, the defendants had signified to the insured their desire to cancel the policy, and that from that time the policy ceased to be valid.   (3.) That by the transfer, by one of the insured to his co-tenant, of his interest in the claim, after the loss, the liability of the defendants was discharged.

The cause was tried before me out of court, for the convenience of the parties and their witnesses, and the better to enable them to present the legal questions upon which their rights depended; and the decisions of the propositions now brought under review were rather formal, and to put them in form for adjudication by the court in banc, than the expression of a deliberate opinion of my own.   Upon a review of the questions, however, the impressions which I entertained in favor of the plaintiff have been strengthened and confirmed, and I am of the opinion that the objections are susceptible of a satisfactory answer.

To the first I think several answers may be made.   (1.) It is a well settled maxim that a party may waive the benefit of any condition or provision made in his behalf, no matter in what manner it may have been made or secured.   (*Broom's Legal Max.* 547.)   It extends to all provisions, even constitutional

and statutory, as well as conventional. The law will not compel a man to insist upon any benefit or advantage secured to him individually. Hence it was the privilege of the insurers in this case, if they elected so to do, to waive the condition making the actual payment of the premium a condition precedent to the binding efficacy of any insurance, as it was a provision inserted for their benefit, and in which they alone were interested. This waiver may be established by evidence of an express waiver, or by circumstances from which such waiver may be inferred; and it may be by the managers of the company or by a duly authorized agent; and as it was done by the latter in this case, it was obligatory upon the company. The agent was the general agent of the company to make contracts of insurance in a given form, and so long as he confined his acts to the matters of his agency his principals were bound. Proof of this waiver did not tend to vary the terms of the contract. It was given to show a waiver of a condition precedent to the contract becoming valid as such. It was no more a violation of the rule prohibiting parol evidence to vary or contradict a written contract, than would have been evidence by parol of the actual performance of the conditions.

(2.) The general rule that receipts, being mere admissions, are liable to contradiction and explanation by parol, may be universally true as applicable to mere receipts when they are disconnected with, or unnecessary to give validity to, contracts or agreements of any kind. When they make a part of a contract, as in deeds and bills of lading, the same rule is applicable when the paper is used as a receipt or acknowledgment simply, to defeat an adverse claim, and not as upholding the contract. It is unnecessary to refer to any of the numerous cases in which this has been held. But it is quite another thing when it is sought to contradict a written receipt incorporated into the contract, for the purpose of defeating the contract itself. The writing read as a whole shows a valid contract, and in this case the receipt, in connection with the condition, shows that to this policy the condition has no application. There being no pretense of fraud on the part of the assured, it would be a fraud upon them to allow the witness now to contradict this acknowledgment for

Goit *v.* National Protection Insurance Company.

the purpose of bringing the contract within the provision refer-
red to, and thus defeat the policy. The defendants should be
estopped by their receipt from alleging that the policy was void
because the acknowledgment was untrue.

For the purpose of supporting the contract, so long as the
payment of the premium was, as is claimed, a condition prece-
dent to the attaching of the policy, the receipt inserted in the
contract should be considered a part of it. (1 *Phil. on Ins.*
§ 515.) (3.) The parol evidence of waiver of this condition may
be said to be competent to overcome the parol evidence of the
defendant to defeat the contract.

The second objection is untenable, for the reason that the de-
fendants never availed themselves of the condition authorizing
them to cancel the policy. If they intended their agent to do
so, it is sufficient to say that the agent did not comply with their
directions. It was competent for the agent to determine the
time at which he would comply with the wishes of the company,
and indeed the very instructions seem to imply that he shall do
so, and accommodate his action in the premises to the interest
of the assured. But whatever may have been the instruction
of the company, this policy never was canceled.

The third objection is one of the first impression, so far as I
am aware. Conditions against the assignment of policies have
been long in use, and have been sustained by courts. The con-
tract of insurance is one eminently of personal confidence, and
the character of the insured forms an important element among
the inducements of the underwriters to assume the risk; and
hence the provision against assignments of the policy during the
continuance of the risk is highly beneficial to the insurer. It
has been left for modern ingenuity to attempt the application of
the same condition, and under the same penalty, to the assign-
ment of any claim under the policy after the risk has ceased by
the destruction, by the perils insured against, of the object
insured.

There is certainly not the same reason for prohibiting an as-
signment after a loss, as before. After the loss the confidential
relation of insurer and insured no longer exists, but a new rela-

Goit *v.* National Protection Insurance Company.

tion has arisen out of it, to wit, that of debtor and creditor; and it is difficult to see any reason connected either with public policy or the proper rights of the former, why the latter should not be permitted to deal with and concerning this right in action as he is permitted to do in respect to any other absolute right, and transfer the same in payment of debts or to meet the other necessities of business. Ordinarily, it is of the first importance that those who have sustained loss by fire should immediately realize the amount of their insurance, to replace the property destroyed, and it is not unfrequently indispensable, to prevent the utter ruin of the sufferer, that he should receive prompt aid by means of his insurance; and if the company cannot, or will not, pay promptly, he should be permitted to anticipate his claim by transferring it, either by sale or pledge. If he cannot do this, he may be in the power of the company and subjected to such terms as the managers may see fit to impose. They may say, in effect, to the man who has bargained with them for absolute indemnity, and to whose business prospects delay is utter ruin, or whose family are in pinching want for the relief which this indemnity would afford, " accept of the pittance we offer or we will contest your claim and avail ourselves of such delays as a litigation will afford ; and as you cannot realize the amount by sale or pledge, without incurring a forfeiture of the claim, you must await our inclination, or the slow result of a lawsuit, before you can recover the money to which you are entitled and which you so much need." Public policy forbids that the debtor should, without any reason except such as grows out of caprice or some worse motive on his part, have this power over his creditor. It is also unjust to the creditors of the insured. It is the policy of the law to place all the property of a person within the reach of his creditors, and there is no reason why a claim against an insurance company should be an exception.

Nothing can be taken against the defendant upon the ground that the insured never read or knew of the condition until the objection was taken after loss, and after the assignment; but were this a proper case for presumption, it would be fair to say

that, in all probability, this, like most of the conditions introduced by insurers, from time to time, in their contracts, for their own benefit, passed unnoticed by the ones most interested. Most new conditions are first brought to light by a litigation in which new and before unheard of objections are taken by the underwriters, upon some of their new provisions.

I am of opinion that the contract of insurance proper terminated with the loss, and an absolute debt then upon furnishing the proofs by the insured, accrued against the company, and that the provisions relied upon ought not to be allowed to defeat this absolute claim. The judgment should be affirmed.

[OSWEGO GENERAL TERM, April 2, 1855. *Wm. F. Allen, Pratt, Hubbard* and *Bacon*, Justices.]