ALMAN MILLER & CO. v. THE PHŒNIX INSURANCE CO.

1. Insurance: POWER OF AGENTS. A local agent of a foreign insurance company authorized to effect contracts of insurance, and conduct the business at his agency, is to be considered a general agent, and competent to bind his company by acts which are within the scope of the general authority he possesses, though in violation of limitations upon that authority not brought home to the knowledge of the assured.

2. —— AGENT'S POWER TO ACCEPT ORDERS: EVIDENCE. Whether such agent has power to bind the company in case of a loss, and before settlement thereof, by the acceptance of an order drawn by the assured in favor of a creditor, *quere.*

3. —— But, if not, such powers could be implied from such acts on the part of the company as would induce the public to believe that such power had been conferred. So, too, his acts in this respect might, in a like manner, be subsequently ratified, and the company thus estopped from denying their validity ; and evidence of acts tending to show such authority or ratification is admissible.

*Appeal from Cedar District Court.*

WEDNESDAY, JUNE 9.

ACTION AT LAW.—The petition avers substantially, that one Fassett, being indebted to plaintiffs, and having sus-

tained a loss upon a policy of insurance issued to him by the defendant, made his certain order upon defendant in words following:

" $1,263.38.

" To the Phœnix Insurance company, of Hartford, Conn.: Please pay to the order of Alman Miller & Co., of New York city, the | sum of one thousand two hundred and sixty-three and $\frac{38}{100}$ dollars out of any money that may be due me for damages by reason of the loss by fire of my stock of goods at Clarence, Cedar county, Iowa, insured for the sum of six thousand dollars, in said Phœnix Insurance company, by policy No. 2,258, issued at the Tipton agency.

" This order being given in payment of goods sold me by said firm, and now remaing unpaid.

" (Signed)                     O. P. FASSETT.

" In presence of WELLS SPICER."

(U. S. Revenue Stamp, 65 cts. canceled.)

The defendant, by its agent; accepted this order by indorsement thereon in words following :

" The within order was presented to me on the 12th day of August, A. D. 1865, and accepted by me, as agent of the Phœnix Insurance company, to be paid out of | any moneys to become due to Fassett when said loss shall be adjusted.

" (Signed)                     WELLS SPICER,
" *Agent Phœnix Insurance Company.*"

The petition alleges that the policy covered loss to the amount of $6,000, and that the property insured exceeded in value that sum, and at the date of the acceptance of the order the loss had not been adjusted.

The defendant by its answer denies its liability upon said order and acceptance by reason of the want of authority of Spicer to accept the order, which was done

without the knowledge or consent of defendant, and with a fraudulent intent as to defendant's rights in the premises. Both the petition and answer contain many averments of facts in the nature of evidence. No mention need be made of them. The cause was submitted to the court without a jury. Judgment for defendant.

Plaintiffs appeal.

*Wolf & Landt* and *H. O'Connor* for the appellant.

*Cook & Drury* for the appellee.

BECK, J. — The errors assigned upon the record relate to the exclusion of certain evidence offered by plaintiffs. 1. INSURANCE: The questions arising thereon need only be power of agents. considered.

The plaintiffs introduced as a witness Wells Spicer, who testified that he was, during the time of the transactions set out in the petition, the local or resident agent of defendant, at Tipton, where the insurance was effected, and, as such agent, issued the policy. His commission as agent was introduced in evidence. It empowers him " to receive proposals for insurance against loss or damage by fire, and to make insurance by policies of the said Phœnix Insurance Company, to be countersigned by the said Wells Spicer, Esq., agent, and to renew the same; to assent to assignments or transfers, and to do all matters and things pertaining to said appointment that shall be given him in charge by said company or its general agent at Cincinnati, O."

The plaintiffs offered to introduce in evidence certain printed circulars issued by the defendant for the purposes of advertisements.

One of them purported to be signed by "Wells Spicer, Tipton, Iowa, resident agent," and, as one of the in-

ducements for the public to do business with him, stated
that losses under policies issued at his agency would be
paid through him.

The other circular has the name of no agent, the blank
therefor not being filled, and states that "losses will be
paid at this agency in bankable funds."

The plaintiffs proposed to prove that these circulars
were received from defendant. Plaintiffs also offered in
evidence a letter from the general agent of defendant at
Cincinnati, Ohio, to Wells Spicer, the local agent, ack-
nowledging the receipt of the order sued on, but return-
ing it according to Spicer's request This letter states
that defendant had been garnished by certain creditors
of Fassett; that such garnishments must be legally re-
moved before defendant can take action in the premises,
and as soon as they are removed "it will" (in the lan-
guage of the letter) "give us pleasure to deal directly
with Mr. Fassett," etc. The letter proceeds as follows:
"Welch and Shipman, attorneys, sued the Phœnix and
enjoined us, or, rather, they brought joint suit against
Fassett and the Phœnix. If you can satisfy them that
their client's claim will be protected through you, they
will doubtless release us and enable us to act and deal di-
rectly with Fassett in the matter of the loss and adjust-
ment, but the garnishees must be released." This letter
was dated August 18, 1865. No objection is made in
this letter to the act of Spicer in accepting the order.

Plaintiffs offered in evidence another letter of the
general agent of the company to Spicer, dated Decem-
ber 28, 1865, directing him to settle with Fassett by pay-
ment to him of $4,500, and no more. This letter cov-
ered a blank draft, to be signed by the agent Spicer
upon the general agent, and an original duplicate and
triplicate receipt, to be signed by Fassett upon payment
to him of the sum aforesaid.

Alman Miller & Co. v. Phœnix Insurance Co.

No allusion is made in this letter to the order accepted by Spicer. The court refused to admit in evidence the aforesaid circulars and letters and the facts above stated in connection therewith, "unless," in the language of the record, "the plaintiffs would show the authority of said Spicer to accept the said order."

The ruling of the court thus excluding the evidence is erroneous.

This court has held, following a strong current of authorities, that agents of insurance companies, empowered as the agent of defendant, are to be considered general agents, and corporations represented by them are bound by their acts which are within the scope of the general authority they possess, though in violation of limitation upon that authority not brought home to the knowledge of the party dealing with them. *Viele* v. *Germania Ins. Co.*, 26 Iowa, 9; *Keenan* v. *Mo. St. Mut. Ins. Co.*, 12 id. 126.

Whether the payment of losses by acceptance of bills or orders is within the scope of the authority of a general agent, we need not now consider. If not, it was competent for defendant to confer that power by special appointment or instructions, and it doubtless could so act as to induce the public to believe that such power had been conferred.

2.—— agents' power to accept orders: evidence.

Under such circumstances it would be estopped to deny that such power was possessed by its agents; and the defendant could so act after the exercise of such power by the agent as to adopt and ratify his acts, and thus preclude itself from denying them. The circulars, letters, and other evidence excluded, seem to us pertinent evidence in this view of the case, and proper to be admitted and considered in determining the question of the agent's power to accept the order and thus bind defendant.

Reversed.