Kittie Merserau, Administratrix, etc., Respondent, *v.* The Phœnix Mutual Life Insurance Company, Appellant.

The facts that a person is authorized by a foreign life insurance company to solicit and take applications for insurance, to issue and deliver policies and to receive premiums, and deliver receipts for them, do not, as matters of law, constitute him a general agent of the company, authorized to waive conditions in a policy as to payment of premiums. (Church, Ch. J., Andrews and Miller, JJ., dissenting.)

As to whether, where upon a policy there is indorsed a notice that no agent has authority to receive any premiums without first presenting a receipt signed by the president or secretary of the company, or to alter the policy or receive any premium after it is due, a general agent can waive the condition forfeiting it in case of non-payment of premiums, *quære* (Church, Ch. J., Andrews and Miller, JJ., holding that he can; Allen, Rapallo and Earl, JJ., that he cannot in the absence of evidence that the company has, by direct authority, enlarged his powers, or has knowingly permitted him to act beyond the scope of the power as thus limited; Folger, J., not voting).

(Argued March 23, 1876; decided May 30, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was upon a policy of life insurance issued by defendant, a foreign corporation, upon the life of Esdras Shear, husband of plaintiff's intestate.

The policy was issued in 1871; the premiums required to be paid semi-annually, " on or before the thirty-first day of August and February of every year." The policy contained this clause :

"Second. If the said premiums shall not be paid at the office of the company, in the city of Hartford, Connecticut, or to an agent of the company, on his producing a receipt signed by the president or secretary, on or before the date above mentioned, then, in every such case, the said company shall not be liable for payment of the sum insured, or any part thereof, and this policy shall cease and determine."

On said policy was indorsed a notice to policyholders in the words following, viz. : "The insured will please take notice that no receipt for premium on this policy is valid unless signed by the president or secretary of the company, at Hartford, Connecticut; and that no agent has authority to receive any premium without first presenting a regularly signed receipt from the president or secretary; or to interline, alter or otherwise change any policy, or to receive any premium after date of its being due, without special permission from the officers of the company."

Shear died September 14, 1872. The defence was, that the semi-annual premium due August 31, 1872, was not paid. It was claimed, upon the part of the plaintiff, that the payment was waived by Mr. Weller, an agent of the company at Hudson, in this State. Plaintiff's evidence tended to show that said Weller called upon Shear, who spoke to him about paying the premium, but that Weller stated that he had not the company's receipt, and told Shear to give himself no uneasiness, that he would keep him good with the company. Mr. Weller's authority as agent, as testified to by him, was, to call upon parties and solicit them to insure in his company; to receive their applications, to forward them to the company, through Mr. Bull, the general agent, and when the policy came, to deliver it, and to collect the premium and all subsequent renewal premiums. Upon cross-examination it appeared that, in his advertisements, etc., he held himself out as a general agent.

In reference to the waiver and the agent's authority, the court charged as follows.

"The plaintiff says, true, we did not pay the premium when

it was due, but you, the company, by your authorized agent, the party whom you authorized us to treat with, the party who was authorized to take the insurance, and to issue and deliver policies and receive premiums, and deliver receipts for them, this agent entered into a solemn agreement with the assured that he would keep him safe, and see that his insurance was kept good with the company. The plaintiff says that Mr. Shear offered, before any default had occurred, to pay that premium which was to become due in the future, that the agent declined to receive it because he had not the renewal receipt of the company with him, without which he was unauthorized to receive premiums, and that Mr. Shear, thereupon, said that he would rather have it settled up now, because he did not want to have the policy run out, whereupon this agent said, ' give yourself no trouble about it, I will see that you are kept all right with the company.' That is the state of facts which the plaintiff asks the jury to believe was sustained by the agent, and she claims that thereby there was a waiver of the condition requiring strict payment by the assured in order to keep the policy good. Now, if you believe that the state of facts alleged by the plaintiff is sustained by the evidence, then, as a matter of law, I charge you that that was a waiver of strict payment made by an authorized agent acting for, and who had a right to act for, this company."

Defendant's counsel excepted, " to that portion of the charge which says, substantially, that if the jury believe the facts, as testified to by the plaintiff's witnesses, those facts constitute a waiver of payment on the part of the defendant, made by an authorized agent."

Further facts appear in the opinions.

*Samuel Hand* for the appellant. Defendant's agent was not authorized to waive the condition of the policy as to payment of the premium. (*Mech. Bk.* v. *R. R.*, 3 Kern., 634; *Wilson* v. *Gen. Ins. Co.*, 4 id., 418 ; *Burton* v. *Orient Ins. Co.*, 4 Bosw., 265 ; *Murdock* v. *Chenan. Ins. Co.*, 2 Comst.,

210; *Catori* v. *Am. L. Ins. Co.*, 33 N. Y., 491; Big L. and Ac. Cas., 336; Bliss on Life Ins., 478; *Busby* v. *L. Ins. Co.*, Md., April, 1874; *Bonton* v. *Am. M. L. Ins. Co.*, 25 Conn., 542.)

*R. E. Andrews* for the respondent. The waiver by Weller of the payment of the premium was valid and effectual. (*Miller* v. *Phœnix Ins. Co.*, 27 Iowa, 203; 1 Am. R., 262; *O'Reilly* v. *Guar. M. L. Ins. Co.*, 8 Hun, 460; *Ins. Co.* v. *Wilkinson*, 13 Wal., 222; 3 Big., 818; Dunlap's Paley on Ag., 199; *Carroll* v. *C. O. Ins. Co.*, 10 Abb. Pr. [N. S.], 166, 173; *Sheldon* v. *Ct. F. Ins. Co.*, 26 N. Y., 460; *Trustees, etc.* v. *Bklyn F. Ins. Co.*, 19 id., 306; *Tiddle* v. *Market Ins. Co.*, 29 id., 184; *Owen* v. *F. J. S. Ins. Co.*, 57 Barb., 518; *Van Allen* v. *J. S. Ins. Co.*, 4 Hun, 403; *Bklyn F. Ins. Co.* v *Miller*, 12 Wal., 283; 2 Big., 764; *Hotchkiss* v. *Ger. F. Ins. Co.*, 5 Hun, 986; *Dean* v. *Etna L. Ins. Co.*, 4 T. & C., 497; *Bodine, Ex.*, v. *F. Ins. Co.*, 51 N. Y., 117; *Wood* v. *Pough. Ins. Co.*, 32 id., 620; *N. Y. C. Ins. Co* v. *Nat. Prot. Ins. Co.*, 20 Barb., 469; *Rowley* v. *Em. Ins. Co.*, 36 N. Y., 550; *Behen* v. *Wansburgh Ins. Co.*, 35 id., 131; *Whitwell* v. *Put. F. Ins. Co.*, 6 Lans., 166; *Dohn* v. *F. J. S. F. Ins. Co.*, 5 id., 277; *Pitney* v. *G. Ins. Co.*, 61 Barb., 345.)

ALLEN, J. By the terms of the policy the liability of the insurers ceased upon the failure of the insured to pay the renewal premiums at the office of the company at Hartford, or to an agent of the company, on his producing a receipt signed by the president or secretary on or before the days at which they were payable. The premium which became due in August, 1871, was not paid at or before the day, nor has it been paid since. The policy was therefore of no force at the time of the death of the insured, and the insurers are not now liable upon it unless the condition was waived by the company or by an authorized agent. It is not claimed that the company has, by the action of its board of managers, or by its executive or any of its officers, varied the condition

referred to. If its performance has been dispensed with and the policy continued in force notwithstanding the default in the payment, it has been by the act and agency of Weller, the local agent of the insurers at Hudson.

A lax idea seems to prevail, and certainly is persistently urged upon this appeal, that an agent for an insurance company, representing it and transacting business for it at a distance from its principal place of business, is, and must necessarily be a general agent, with full authority to bind his principals in all matters within the territorial bounds of his agency, and it is sought to render void the most solemn and important stipulations of the contract upon this theory. There is no countenance for the doctrine in any well-considered case. Agents of underwriters, at a distance from their principals, are either general or special agents, possessing plenary or limited powers, depending upon the terms of the grant of power or the powers exercised with the assent of the principals; and the extent of their authority is to be determined by the same rules that control in respect to other agencies.

The rule is well expressed in *Insurance Company* v. *Wilkinson* (13 Wall., 222) and *Miller* v. *The Phœnix Insurance Company* (27 Iowa, 203). Insurance companies doing business by agencies at a distance from their principal place of business, are responsible for the acts of the agent, within the general scope of the business intrusted to his care, and no limitations of his authority will be binding on parties with whom he deals which are not brought to their knowledge.

It is upon and within this general principle that insurance companies have been held bound by the acts of their agents in dispensing with or varying the terms and conditions of their policies of insurance. (*Insurance Company* v. *Colt*, 20 Wall., 560; *Bodine* v. *Exchange Fire Ins. Co.*, 51 N. Y., 117; *Owen* v. *Farmers' Joint Stock Ins. Co.*, 57 Barb,, 519; *Carroll* v. *Charter Oak Ins. Co.*, 10 Abb. [N. S.], 166; *Sheldon* v. *Atlantic Fire and Marine Ins. Co.*, 26 N. Y., 460.)

The actual authority of Weller for the defendant corpora-

tion was to solicit insurance, receive and forward applications
to the general managers at Albany, and on receipt of the
policy to deliver it and collect the premiums, and to collect
the renewal premiums when in possession of the receipt of the
company, and upon the delivery of the same to the insured.
The insured had no reason to suppose, from any dealings with
the agent or his transactions with others, that his powers were
other or different from those specified. By a notice upon the
policy, the authority of the agent in respect to the semi-annual
renewal premiums was emphatically and distinctly limited,
and he was only authorized to receive them upon previously
and regularly signed receipts from the president or secretary.
He required a special authority to collect and receive each
renewal premium as the same should become payable. His
agency in respect to the policy absolutely ceased upon its
delivery, and the power was to be renewed and the renewal
evidenced by the possession of the specified receipt before he
could perform any act on behalf of the company in respect to
subsequent payments. The insured had knowledge of this
limitation and was estopped from claiming in hostility to it.
The precise point was decided by the Court of Errors and
Appeals of New Jersey in *Catoir* v. *American Life Insur-
ance and Trust Company* (33 N. J., 487), in which Judge
BEDLE, in a well considered opinion, concurred in by the
court, asserts, in support of the judgment, the very reasonable
doctrine, which is consistent with all the cases, that when the
policy itself contains an express limitation upon the power of
agents, an agent has no legal right to contract as agent of the
company, with the party to whom the policy has been issued,
so as to change the terms of the policy or to dispense with
the performance of any part of the consideration, either by
parol or in writing; and such party is estopped, by accepting
the policy, from setting up powers in the agent, at the time,
in opposition to limitations and conditions in the policy.
These limitations are presumed to continue. In the face of
a distinct written expression in the policy of a want of power
in the agent, the party suing to recover upon such policy,

has no right to infer the subsequent existence of such power by any uncertain signs. There must be evidence to justify the belief that the company, by direct authority, enlarged the powers of the agent, or that they knowingly permitted him to act for them beyond the scope of the powers originally conferred. In that, as in this case, the authority of the agent to receive payment of the renewal premiums was limited by the statement that the payment was not to be valid except upon the presentation of a receipt under the seal of the company. There was evidence in that case of the possession of the receipt by the agent and tending to show that he gave credit for or received the payment of the renewal premium at the day, and the act was held *ultra vires* and not obligatory upon the corporation. See also, to the same effect, *Bouton* v. *American Mutual Life Insurance Company* (25 Conn., 542).

Unless we are prepared to hold that insurance companies cannot restrict the authority of their agents and that conditions imposing restrictions and limitations upon their powers, and communicated to those to whom policies are issued, are meaningless and but waste paper and may be utterly disregarded, there was no waiver of the condition in this case and the policy expired upon the failure of the insured to pay at the day. This conclusion renders it unnecessary to consider the very serious question whether, upon the most favorable construction of the evidence, there was any waiver or attempt at a waiver of the conditions.

The judgment must be reversed and a new trial granted.

FOLGER, J. This is an action on a policy of life insurance. It is resisted on the ground that there was a failure to pay a premium which fell due before the death of the insured.

It is conceded that the premium was not paid, but it is claimed that payment on the day was waived. This waiver, it was contended, was made by one Weller, an agent of the company.

I am not prepared to admit that the testimony showed

Weller an agent of the company with such power and authority as that he could waive the condition of payment of premium contained in the policy. It is not needful to pass upon that now. But the facts put to the jury, in the charge, as sufficient, as matter of law, to make him a general agent, were not enough for that purpose. The exception to the charge covers that portion of it just noticed.

For the error in the charge, there should be a reversal and new trial.

MILLER, J. (dissenting). One of the conditions of the policy of insurance upon which this action is brought was, that if the premiums were not paid at the office of the company, or to an agent, on his producing a receipt signed by the president or secretary, on or before the date mentioned therein, the company should not be liable. On that policy a notice was indorsed that no agent had authority to receive any premium without first presenting a regular receipt from the president and secretary, or to alter any policy, or to receive any premium after it became due.

It is insisted by the appellant's counsel that the policy having lapsed, by non-payment of the premium, there was no evidence of any legal waiver of such payment. The waiver depends upon the effect and validity of the arrangement made between the agent of the defendant and the deceased. The testimony shows that Weller was an agent of the company, that his duty was to solicit insurance, receive applications, forward them to the company, receive and deliver policies, collect premiums and all subsequent renewals; that, in connection with his partner, he issued printed circulars as to premiums becoming due, signed by them as general agents; and himself signed as general agent, and he testified that he held himself out as such — the general agent — to persons with whom he dealt for the company.

There was evidence to show that Weller had an interview, before the premium became due, with the deceased, who offered to settle up for the next premium becoming due, and

Weller said he had not got the company's receipt, that the deceased need not give himself any uneasiness about it, that he would be there in time, but if he was not he would keep him good with the company and would not allow the policy to run out. The facts and circumstances proved sufficiently establish that Weller acted as a general agent of the defendant, and were, I think, sufficient to authorize the jury to arrive at such a conclusion.

There has been a uniform current of authority in this State in favor of the rule that a general agent has a right to waive the written conditions of a policy of insurance. In *The First Baptist Church* v. *The Brooklyn Fire Insurance Company* (19 N. Y., 305) it is held that a condition that no insurance shall be binding until the actual payment of the premium and the written acknowledgment thereof, does not invalidate a subsequent contract, by parol, to renew such insurance for a premium not paid at the time the risk attaches but postponed to a future day. This case sustains the general principle that a written condition may be waived by parol.

In *Sheldon* v. *The Atlantic and Marine Fire Insurance Company* (26 N. Y., 460) the insured called upon an agent at Rome, New York, and applied for insurance; the agent being absent he left his application with a clerk in the office, and offered to pay the premium; this was declined by the clerk, who stated that the insured might bring it at some future time, or they would send for it. The policy was sent by mail to the applicant, with a statement that the premium charged was higher than usual, and requesting him to return the policy if he declined, or if he retained it, to send the premium by mail. The property was burned; and, after this occurrence, letters were written by the agent threatening to cancel the policy unless the premium was paid. One of the conditions of the policy was that no insurance should be binding until the actual payment of the premium. It was held that there was a waiver of the prepayment, and that the policy became effectual upon the assured retaining and accepting it, or, at all events, that the question should have been submitted to the

jury. As will be seen the agent had no special powers which authorized him to waive the cancellation, and there was no evidence to show a general authority to act — in this respect his authority differing from the case at bar. EMMOTT, J., says: "There can be no dispute that Lewis could waive the actual prepayment of the premium; he was a general agent of this company, and whatever may have been his secret instructions the insured had a right to rely upon his acts; his principals were bound as well by a waiver of his part of the condition of prepayment of the premiums as by his contracts of insurance." Much more had the deceased a right to rely upon the acts of the agent here to bind his principals, where the proof of a general agency was clear and unequivocal.

In *Carroll* v. *Charter Oak Insurance Company* (10 Abb. [N. S.], 166) the policy contained a provision that in case of other insurance, not notified to defendant and indorsed upon the policy, the policy should be void; also, that the company would not be bound by an instrument, record or statement not referred to or contained in the policy, and that no condition of the policy should be waived except in writing, signed by the secretary. It was held: First. That the receipt, through their general agent, of renewal premiums, taken by him with knowledge of other insurance on the same property, was a waiver of the requirement. Second. That a waiver of a stipulation in a written contract may be shown by parol, notwithstanding the contract requires a writing.

The general doctrine is laid down that forfeitures of all kinds may be waived, and some of the cases are reviewed. Among others is *Goit* v. *National Protection Insurance Company* (25 Barb., 189), where it was held that a general agent of the company, empowered to make contracts of insurance in a given form, may bind the principals by waiving payment of the premium where it is a condition precedent. ALLEN, J., who wrote the opinion, says that a waiver may be by the managers of the company or its duly authorized agent. He adds: "The agent was the general agent of the company to make contracts of insurance in a given form, and so long as

he confined his acts to matters of his agency, his principals were bound. Proof of this waiver did not tend to vary the terms of the contract."

In *Shearman* v. *The Niagara Fire Insurance Company* (46 N. Y., 526) the policy contained a clause that if the property was sold or transferred, or any change took place in the title or possession, without the consent of the company, it would be void. The property was transferred on the fourth of March; the policy renewed on the twenty-first of March, and transferred to plaintiff April fifteenth; on the same day, defendant's agent consented to a transfer of the policy. It was held that a condition of forfeiture may be waived, and the policy revived by any act from which the consent of the underwriters may be inferred.

In *Bodine* v. *The Exchange Fire Insurance Company* (51 N. Y., 117) it was held that a condition in a policy of insurance that no insurance, whether original or continued, shall be considered as binding until the actual payment of the premium, may be waived by the company or its authorized agent, and his waiver may be shown by direct proof that credit was given, or may be inferred from circumstances. The waiver here was made by the clerk of a local insurance agent. After citing the cases already referred to, and others, EARL, C., says: "We must infer that John Whelp had all the power of *ordinary insurance agents*. He had acted for this company for nine or ten years in procuring risks for it, and in delivering policies and renewal certificates. His name was indorsed on the original policy as the company's agent. It was, therefore, according to the decisions above cited, just as competent for him to waive the condition of prepayment as for any other officer or agent of the company. * * * If the agent or his clerk waive the prepayment of premiums, without authority from the company, it can lose nothing, as the agent becomes responsible for the amount of the premiums, as if the same had been paid to him in cash."

The agent in the case last cited had not performed any greater duties than the agent in the case at bar. He

was but an *"ordinary* insurance" agent, while here the agent acted as a general agent, claimed to be such, and his name was signed as a general agent, thus making out a far stronger case. Besides, it was the agent's clerk in the case last cited, and not the agent himself, who waived the payment of the premiums. If an agent's clerk, under such circumstances, can waive a condition of this character, can it be doubted that a general agent has power to do so? It is the nature of a general agency that the agent has all the powers of the principal. (Dunlap's Paley's Agency, 199.) Applying this principle to the case considered; it is evident that the agent did not exceed his authority. The cases cited show, beyond any question, that an act of this character was within the scope of his authority; and, with proof of acts as general agent, and the testimony of the agent that he was such general agent, the evidence is entirely conclusive to establish that fact. The presumption, in the absence of any proof to contradict the evidence of agency, is also in the same direction, and, as the case stood, the defendant was bound to rebut that presumption if he claimed that the evidence was insufficient.

It is no answer to say that his own representation of power would not enlarge it when he was apparently acting within the scope of his authority, and the proof shows that, in fact, he was a general agent. Nor is there any ground for claiming that his powers were limited, without evidence to show the limitation, after the proof was given that he was a general agent. The notice in the policy that an agent had no right to alter any policy, or receive any premium after it became due, does not change the aspect of the case if the agent had a right to waive the condition referred to, as the notice was indorsed in pursuance of that condition. If the condition was waived, the notice was of no effect.

The principle laid down in the cases cited is also supported by numerous cases in the Supreme Court. (*Dohn* v. *The Farmers' Joint Stock Ins. Co.*, 5 Lans., 275; *Dean* v. *The Ætna Life Ins. Co.*, 4 N. Y. S. C., 497; *Whitwell* v. *Put. Fire Ins. Co.*, 6 Lans., 166; *Cone* v. *Niag. Fire Ins. Co.*,

3 N. Y. S. C., 33, affirmed on appeal in this court; *Hotchkiss* v. *Ger. Fire Ins. Co.*, 5 Hun, 90.)

The case of *Bush* v. *Westchester Insurance Company*, recently decided in this court, has no application to the question whether an agent can waive a condition of the character of that presented in this case; nor can the decisions of other States affect the question so well settled by authority in our own courts. The claim that the agreement made was a one-sided promise, without consideration, is not well founded. There was as much consideration for the agreement to waive as in any of the cases cited *supra*. There was the element of estoppel in the case, for the insured was ready and willing to pay, and, by the agreement of the agent, he was induced to forego his rights and omit the performance, on his part, of the conditions of the policy. The waiver was based on the conduct of the defendant's agent at a time when the insured could have complied with the condition. (*Underwood* v. *Farmers' Joint Stock Ins. Co.*, 57 N. Y., 500, and authorities cited.) In this respect the case differs from that last cited.

The notice sent to the insured by mail was intended to advise parties when the payments became due. It was, at most, a circular issued by the agent's clerk, without the knowledge of the agent, and was not, by its terms, a waiver or a revocation of the agreement; nor was the agreement of the agent purely personal and in his own behalf alone. It was the act of Weller as agent, within the scope of his agency, on behalf of the company. It was the policy of the company which was the subject-matter of the contract, and in reference to that which Weller, as its general agent, undertook to waive the payment of the premium.

The exception to a portion of the charge of the judge was not well taken. The exception, as stated in the case, was to that portion of the charge in which the judge says, substantially, that if the jury believe the facts as testified by the plaintiff's witnesses, those facts constitute a waiver of payment on the part of the defendant by an authorized agent. The portion

of the charge excepted to was not in the precise language stated. The judge, after stating the plaintiff's evidence on the subject, proceeded to say that this was the state of facts which the plaintiff asked the jury to believe, and that if they believed that this state of facts was sustained by the evidence, then, as a matter of law, there was a waiver of strict payment made by an authorized agent of, acting for, and who had a right to act for, this company. He then proceeded to state the defendant's evidence, leaving it for the jury to determine how the fact was. I am unable to discover any error in the charge; and if the facts proved by the plaintiff were true, then the plaintiff was entitled to recover. A point is made that he left out of view the fact, which the jury might have found from the plaintiff's evidence, that Weller acted on his own responsibility, and that the plaintiff relied upon his personal undertaking to keep the premium good with the company. The answer to this position is, that no such point was taken on the trial, and if it had been, the evidence clearly showed that Weller acted as the agent of the company. If it was relied upon, the attention of the judge should have been called to the subject, and the judge requested to charge in regard to the same. As this was not done, it is too late now to raise the question. It is also said that the judge left out of view the rescission of the contract. He charged explicitly on that subject in a subsequent portion of the charge, and no exception was taken thereto. If further instructions were desired, a request should have been made to that effect.

There was no error, and the judgment should be affirmed, with costs.

For reversal: ALLEN, RAPALLO, FOLGER and EARL, JJ., all concurring with FOLGER, J. RAPALLO and EARL, JJ., concurring with ALLEN, J.

For affirmance: CHURCH, Ch. J., ANDREWS and MILLER, JJ.

Judgment reversed.