MILLVILLE MUTUAL MARINE AND FIRE INSURANCE COMPANY v. MECHANICS' AND WORKINGMEN'S BUILDING AND LOAN ASSOCIATION.

1. One Heminway wrote for the assured, and delivered to him, a policy of insurance, upon which was endorsed "D. C. Heminway, agent."
2. The policy contained no limitation upon the agent's authority, and no intimation was given to the insured of the existence of any restriction. *Held—*
   1. That H. is to be regarded as the general agent of the company so far as to bind it for any act by him done within the apparent range of his employment.
   2. The policy-holder cannot be affected by any limitation existing upon the agent's authority, not communicated to him.
   3. The agent had power, on behalf of the company, to receive notice of sale and conveyance of the property insured, to waive the condition of the policy and assent to the alienation.
   4. If the agent used such language to the assured as reasonably led him to believe that the life of his policy would be secure without any

further act on his part, the defendant company cannot take advantage of an omission on his part thereby induced, to work a forfeiture of the contract of insurance.

In error.

For the plaintiff in error, *James H. Nixon.*

For the defendant in error, *John F. Joline.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff held the policy of insurance in this case as collateral security for a mortgage debt, and instituted this suit to recover loss by fire. The property was insured in the name of George H. Stinson, the then owner. After the assignment of the policy to the plaintiff, Stinson decided to convey the property to his wife, and to effect his purpose made a conveyance of the premises to Winslow Beynor, who thereupon conveyed to the wife.

The defence is that this conveyance was made without the consent or approval of the defendant company, and without any assignment of the policy approved and consented to by the defendant within thirty days after the alienation, or at any time.

It is conceded that by the express terms of the policy a change in the title of the insured premises, without the consent of the insurer, makes the policy void.

The question in the case is, whether notice of alienation was given to the company, and whether they assented to it, or waived the condition of the policy in this respect.

The case turns upon the authority with which the company's agent shall be held to be invested.

A special agency strictly exists where authority is given to do a single act or designated specific acts.

A general agency arises where there is a grant of power to do all acts connected with a particular branch of business, or a general authority in regard to a particular transaction.

A general authority may arise from a general employment in a specific capacity.

The rule is well stated in *Story on Agency*, § 19, thus:

" On the other hand (although this is not the ordinary commercial sense) a person is sometimes said to be a special agent, whose authority, although it extends to do acts generally in a particular business or employment, is yet qualified and restrained by limitations, conditions and instructions of a special nature. In such a case the agent is deemed, as to persons dealing with him in ignorance of such special limitations, to be a general agent; although as between himself and his principal, he may be deemed a special agent. In short, the true distinction (as generally recognized) between a general and special agent (or, as he is sometimes called, a particular agent,) is this : a general agency does not import an unqualified authority, but that which is derived from a multitude of instances, or in the general course of an employment or business ; whereas a special agency is confined to an individual transaction."

Such general authority enables the agent to bind the principal, without orders, in dealing with those who, acting in good faith, have no notice of the want of lawful power in the agent.

One who entrusts authority to another is bound by all that is done by the agent within the scope of his apparent power, and cannot screen himself from the consequences thereof upon the ground that no authority was given to do the particular act.

If a person is in fact, or apparently, a general agent of the company, he stands in the place of the company to the assured, and in the absence of any limitation of his power made known to the assured, any act done by him within the apparent range of his employment, before or after the contract is entered into, is binding on the principal.

Mr. Wood, in his work on Fire Insurance, § 392, forcibly remarks:

" It would be disastrous to commercial, as well as other

interests, if a person, by acting through the agency of another, could shield himself from liability for such person's acts, *ad libitum*.   Fortunately no such rule exists, and he who entrusts authority to another, in whatever department of business, is bound by all that is done by his agent within the scope of his apparent power, and cannot screen himself from the consequences thereof upon the ground that no authority, in fact, was given him to do the particular act, unless the act was clearly in excess of his apparent authority, or was done under such circumstances as put the person dealing with him upon inquiry as to the agent's real authority."

The diversity in the cases, which it will be futile to attempt to reconcile, arises not in the comprehension of what is the true rule, but from the application of it to particular circumstances.

In this case, D. C. Heminway, who was the company's agent at Newfield, in this state, wrote the policy and delivered it to Stinson.

Upon the policy, when delivered, was this endorsement:

"D. C. Heminway, agent," the word "agent" being printed on the form.

The policy itself contained no notice that there was any limitation upon the power of the agent, and there was no evidence to charge the insured with knowledge of any restriction.

Under such circumstances, with what authority will the law presume the agent was invested ?

The true answer to this inquiry will correctly solve this controversy.

He must either be treated as a special agent, or as a general agent, in the sense in which that term has hereinbefore been defined.

There is no middle ground to stand upon.   If it is deemed to be a special agency, then it was the duty of the insured to acquaint himself with the limitations by which the power of the agent was circumscribed, before he dealt with him.   This would render insurance through an agency wholly delusive,

and prove a mere snare to the unwary; for even the right to deliver the policy might be hampered with secret instructions. The company said to the insured, "this is my agent, you may deal with him as such," not intimating that there was any qualification of or restraint upon his power. Being held out as an agent, without the expression of any limitation, public policy and good faith unite in requiring that general authority shall be ascribed to him as the defendant's representative.

In *Insurance Company* v. *Wilkinson*, 13 *Wall.* 234, Mr. Justice Miller says, in speaking of insurance agents:

"The agents are stimulated by letters and instructions to activity in procuring contracts, and the party who in this manner is induced to take out a policy, rarely sees or knows anything about the company or its officers by whom it is issued, but looks to and relies upon the agent, who has persuaded him to effect insurance, as the full and complete representative of the company, in all that is said or done in making the contract. Has he not a right so to regard him? The powers of the agent are, *prima facie*, co-extensive with the business entrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals."

That the authority of the agent will be assumed to be general in all matters relating to the effecting of the insurance was maintained by Justice Sharswood, in *Mentz* v. *Lancaster Fire Ins. Co.*, 79 *Penna. St.* 476, a case which is cited with approbation by Chancellor Runyon, in *Combs* v. *Shrewsbury Ins. Co.*, 7 *Stew.* 403.

This is simply another form of expressing the idea that an agent shall be presumed to have the power with which he is apparently clothed; that the principal shall not be permitted to say to the public in a general way, without any qualification, "this is my agent," and at the same time charge one who, at a remote point, deals with him in that capacity, with the duty of first ascertaining the precise limit of his authority.

In *Merserau* v. *Phœnix Mutual Life Ins. Co.*, 66 *N. Y.* 274, Justice Allen says :

"The rule is well expressed in *Insurance Company* v. *Wilkinson*, 13 *Wall.* 222, and *Miller* v. *Phœnix Ins. Co.*, 27 *Iowa* 203. Insurance companies doing business by agencies at a distance from their principal place of business are responsible for the acts of the agent, within the general scope of the business entrusted to his care, and no limitations of his authority, will be binding on parties with whom he deals, which are not brought to their knowledge. It is upon and within this general principle that insurance companies have been held bound by the acts of their agents in dispensing with or varying the terms and conditions of their policies of insurance."

In that case the authority of the agent was held to be circumscribed, only because the policy itself contained an express limitation of his power.

That, in the view of this court, the power will be regarded as general, in the absence of express limitations in the policy, or of notice to the assured of the existence of a restriction, may be inferred from the case of *Catoir* v. *American Ins. Co.*, 4 *Vroom* 487. There, Mr. Justice Bedle, in delivering the opinion of the court, denied the right of the agent to dispense with a condition in the policy exclusively, for the reason that the policy contained an express limitation of authority.

Heminway must, therefore, be considered the general agent of the defendant company, invested with the right to exercise a power commensurate with the business apparently entrusted to his care.

That such an agent may assent to alienation and waive contions on behalf of an insurance company is established by numerous authorities. *Woodbury Savings Bank* v. *Charter Oak Co.*, 31 *Conn.* 517 ; *Dayton Ins. Co.* v. *Kelly*, 24 *Ohio St.* 345 ; *Goit* v. *National Ins. Co.*, 25 *Barb.* 189 ; *Sheldon* v. *Atlantic Ins. Co.*, 26 *N. Y.* 460 ; *Bodine* v. *Exchange Fire Ins. Co.*, 51 *N. Y.* 117 ; *Merserau* v. *Phœnix Mut. Co.*, 66 *N. Y.* 274 ; *Durar* v. *Hudson County Mutual*, 4 *Zab.* 171 ;

*Shearman* v. *Niagara Ins. Co.*, 46 *N. Y.* 526 ; *Wood on Fire Ins.*, §§ 391, 393.

It was within the power of the agent in this case, under the apparent authority entrusted to him, to waive the conditions of the contract, to receive notice of the alienation and assent to it on behalf of the principal.

The question remains whether there was evidence from which the jury might lawfully find such waiver.

Heminway testified that inquiry was made whether it was not necessary to notify the company of the change in the title, and Stinson then asked him if he would attend to the business and he said he would attend to it, and it would be all right.

The conveyance of the property to the wife had been previously executed under the direction of Heminway.

Another witness testified, that after the transfer of title, Stinson asked Heminway if he was the agent of the company, and he replied that he was. Stinson then asked him if he would notify the company of the transfer, and he said, " I will attend to it, and it will be all right."

Heminway having power not only to receive notice of alienation, but also to waive the condition of the policy on behalf of the company, this conversation must be treated as if it had been addressed by the insured to the board of directors, and the replies of the agent, as the replies of the directors to the insured. In this aspect of the case it is manifest that the insured was justified in drawing the inference that nothing more was necessary to be done on his part to continue the life of the policy.

Until notice was given to him to do some further act, he had a right to rest securely upon the agent's assurance. The company cannot thus lull their policy-holder into a false security, and take advantage of an omission on his part thereby induced, to work a forfeiture of their contract.

The trial judge submitted the case to the jury with proper instructions upon these questions of law.

                    The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, SCUDDER, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN—11.

*For reversal*—MAGIE, REED, WHITAKER—3.